NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**In Re GEORGE DUNBAR PREWITT, JR.,**

*Petitioner*

---

2024-119

---

On Petition for Writ of Mandamus to the United States Court of Federal Claims in No. 1:22-cv-01673-TMD, Judge Thompson M. Dietz.

---

**ON PETITION**

---

Before STOLL, CUNNINGHAM, and STARK, *Circuit Judges*.

PER CURIAM.

## O R D E R

George Dunbar Prewitt, Jr. petitions this court for a writ of mandamus directing the United States Court of Federal Claims to issue an "appealable order" or alternatively, "directing the defendant to deposit my retirement benefits into the registry of the CFC." ECF No. 2 at 1. We have jurisdiction under 28 U.S.C. §§ 1295(a)(3), 1651.

In November 2022, Mr. Prewitt filed a complaint in the Court of Federal Claims primarily challenging the Army Board for Correction of Military Records's denial of disability retirement benefits. In April 2023, the Court of Federal

Claims remanded to the Board for reconsideration. In August 2023, the Board issued a decision granting partial relief by ordering correction of Mr. Prewitt's records to indicate that "he was retired for permanent disability with a 30 percent disability rating effective 11 March 1970, with placement on the Permanent Disability Retired List the following day." *Prewitt v. United States*, No. 1:22-cv-01673-TMD (Fed. Cl. Aug. 31, 2023) (Dkt. No. 38 at 19).

Following the Board's decision, the parties attempted to resolve various issues, including the calculation of benefits and necessary paperwork for Mr. Prewitt to receive benefits, but hit a stalemate. Mr. Prewitt subsequently moved for judgment on the record seeking a higher disability rating, and the government filed a cross-motion for judgment on the record asking the Court of Federal Claims to find that substantial evidence supports the Board's decision and to dismiss the remainder of the complaint. Those motions remain pending before the trial court.

Mandamus is an extraordinary remedy that is only available where the petitioner shows: (1) a clear and indisputable right to relief; (2) no adequate alternative avenue for relief; and (3) that mandamus is appropriate under the circumstances. *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380-81 (2004). Mr. Prewitt has not shown entitlement to relief under this standard. Mr. Prewitt can obtain the ultimate relief he is seeking without our immediate intervention by continuing to pursue his case in the trial court and then a direct appeal, if necessary, following final judgment. As to Mr. Prewitt's request to direct the trial court to issue an appealable order, Mr. Prewitt's case in the Court of Federal Claims is proceeding, and we cannot say he has shown any egregious delay in resolution of the case that might warrant mandamus relief.

Accordingly,

IN RE PREWITT                                                        3

IT IS ORDERED THAT:

The petition is denied.

FOR THE COURT

Jarrett B. Perlow
Clerk of Court

June 25, 2024
Date